**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RICHARD FREJOMIL,

                        Plaintiff,

    v.                                          No. 10-CV-1579
                                                      (DNH/DRH)

KEITH BEATTIE, Corrections Officer, Great
Meadow Correctional Facility; and JAMES
YOLE, Corrections Officer, Great Meadow
Correctional Facility,

                        Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

RICHARD FREJOMIL
Plaintiff Pro Se
No. 88-A-6324
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN         ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of         Assistant Attorney General
   New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

      Plaintiff pro se Richard Frejomil ("Frejomil") commenced this action on December 29, 2010 by filing a complaint alleging that his civil rights had been violated by the two correction officer defendants while he was incarcerated at the Great Meadow Correctional Facility ("Great Meadow"). Dkt. No. 1. Frejomil's motion to proceed in forma pauperis was granted. Dkt. Nos. 2, 4. In connection with that application, Frejomil signed an authorization

allowing Great Meadow to disburse up to $350 from his inmate account for the payment of the filing fee for this action. Dkt. No. 3. On January 24, 2011, proofs of service of process were filed for both defendants. Dkt. Nos. 7, 8. On March 3, 2011, defendants responded with a motion to dismiss the complaint to which Frejomil filed a response in opposition on March 11, 2011. Dkt. Nos. 11, 12. That motion remains pending.

On or about September 26, 2011, the Clerk received payment of Frejomil's filing fee from Great Meadow. Dkt. entry dated 9/26/2011. In turn, the Clerk mailed a receipt for the payment to Frejomil at Great Meadow. Dkt. No. 14. On October 4, 2011, the Clerk received back undelivered the mailed receipt. Id. A handwritten notation on the returned envelope stated "9/18/11 Deceased." Id. An inquiry of the inmate locator service on the website for the New York State Department of Corrections and Community Service (DOCCS) confirmed that Frejomil died on September 18, 2011. Dkt. entry dated 10/05/2011 (Court only); see also NYS DOCCS Inmate Information (visited Nov. 23, 2011), <http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ00000>. No party has been substituted to date for Frejomil.

A civil rights action, as here, may survive the death of the plaintiff and is not extinguished by such death. See Graham v. Henderson, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (Munson, J.); Chobot v. Powers, 169 F.R.D. 263, 265-66 (W.D.N.Y. 1996) (" Thus, Chobot's pending civil rights action against Defendants survived Chobot's death and now may be asserted, if at all, on behalf of Chobot's estate."). To proceed, however, Frejomil must be substituted as the plaintiff by a representative of his estate. See Fed. R. Civ. P. 25(a)(1).

Rule 25(a)(1) provides that:

> If a party dies and the claim is not extinguished, the court may

2

> order substitution of the proper party. A motion for substitution
> may be made by any party or by the decedent's successor or
> representative. If the motion is not made within 90 days after
> service of a statement noting the death, the action by or against
> the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule thus requires the filing of a notice, or Suggestion of Death, that Frejomil has died to afford his estate the opportunity to move to substitute for Frejomil in this action before the action may continue. See Chobot, 169 F.R.D. at 265-67. If no such motion is made within ninety days thereafter, the action must be dismissed. Id.; Fed. R. Civ. P. 25(a)(1). The burden of filing a Suggestion of Death generally falls to the adverse party. Chobot, 169 F.R.D. at 266-67. Where an inmate plaintiff in a civil rights action dies and the representative of his or her estate is unknown, the defendants are not obliged to conduct any investigation to identify a representative or to bring a separate action to have a representative appointed. See Chobot, 169 F.R.D. t 267.

Here, a dispositive motion was filed by defendants and has been opposed by Frejomil. However, with the death of Frejomil, no party exists to file objections to any report-recommendation on the motion, to oppose objections filed by the defendants, to appeal or oppose appeal of a decision on that motion, or otherwise to litigate this action. Therefore, the question of who, if anyone, will proceed as the party plaintiff must be resolved before this action may proceed. Accordingly, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 11) be **DENIED** without prejudice to renewal upon the filing or ordering of a substitution for Frejomil as the plaintiff in this action; and it is

**ORDERED** that:

3

      1. On or before **December 12, 2011**, defendants shall file a Suggestion of Death as to Frejomil and shall serve it to (a) Frejomil's last known address, and (b) any person known or believed by defendants' to be a representative of Frejomil's estate; and

      2. Defendants shall file such Suggestion of Death in the docket of this case and, it no party has moved to substitute for Frejomil as plaintiff in this action within ninety days after the filing of the Suggestion of Death, defendants are granted leave to move to dismiss this action pursuant to Fed. R. Civ. P. 25(a)(1).

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.   Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan</u>, 984 F.2d at 89 (citing <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED:  November 28, 2011
         Albany, New York

                                      */s/ David R. Homer*
                                      United States Magistrate Judge